UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAVERN BALTIMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00505-JPH-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING PETITION FOR LACK OF JURISDICTION**

Lavern Baltimore was convicted in Indiana state court of burglary and sexual battery in 2006. He later filed a 28 U.S.C. § 2254 habeas corpus petition challenging his 2006 convictions, but this Court dismissed the petition as untimely under 28 U.S.C. § 2244(d). *Baltimore v. Warden*, 2:19-cv-566-JMS-DLP, dkt. 14 (S.D. Ind. April 23, 2020). Mr. Baltimore did not appeal that judgment. Instead, he filed a document—captioned as a petition for a writ of mandamus, *see* 28 U.S.C. § 1651(a)—again challenging his 2006 state convictions. Dkt. 2. Because the purported mandamus petition is in substance a § 2254 petition for a writ of habeas corpus, and because this Court has no jurisdiction to consider a second or successive § 2254 petition without prior approval from the Seventh Circuit, Mr. Baltimore's petition must be dismissed.

"[28 U.S.C. §] 2254 provides the exclusive federal remedy for a person who, being in state custody pursuant to the judgment of a state court, wishes to challenge a sanction that affects the length of his custody." *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002); *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").

Mr. Baltimore's petition seeks to overturn his state court convictions. *See* dkt. 2 at 1 ("Petitioner . . . respectfully files his petition for mandamus . . . to request this Court exercise its jurisdictional authority to review a manifest error of law with regard to the Petitioner's conviction."); *id.* at 6–11 (in the "CLAIM FOR REVIEW" section, arguing that Mr. Baltimore's conviction was based on insufficient evidence). And the substance of a filing, not its caption, controls how the Court will assess it. *See*, *e.g.*, *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls."). The Court therefore construes Mr. Baltimore's petition as a petition for a writ of habeas corpus. *Cf. id.* (no need to warn petitioner before recharacterizing second or successive collateral attack).

A petitioner may not bring a second or successive § 2254 petition without first obtaining leave from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3); *see Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002) (applying § 2244(b)(3) to habeas petition based on state prisoner's conviction for prison disciplinary infraction). Indeed, a district court does not have subject matter jurisdiction over a second or successive petition. The "district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999). There is no indication that Mr. Baltimore has sought or received approval from the Seventh Circuit to file this petition. The Court therefore has no jurisdiction to consider it.

Mr. Baltimore's petition is **DISMISSED** for lack of jurisdiction. His motion for leave to proceed *in forma pauperis*, dkt. [3], is **DENIED** because the motion shows that he has sufficient funds to pay the $5.00 filing fee required for a habeas corpus petition.

Final judgment shall now enter.

**SO ORDERED.**

Date: 10/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LAVERN BALTIMORE
170093
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only